| | |
|---|---|
| Kevin D. McCullough | Curt D. Hochbein |
| State Bar No. 00788005 | State Bar No. (IN) 29284-29 |
| Shannon S. Thomas | ROCHELLE MCCULLOUGH, LLP |
| State Bar No. 24088442 | One Indiana Square |
| ROCHELLE MCCULLOUGH, LLP | 211 North Pennsylvania St. |
| 901 Main Street, Suite 3200 | Ste. 1330 |
| Dallas, Texas 75202 | Indianapolis, IN 46204 |
| Telephone: (214) 953-0182 | Telephone: (317) 608-1137 |
| Facsimile: (888) 467-5979 | chochbein@romclaw.com |
| kdm@romclaw.com | |
| sthomas@romclaw.com | |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TUESDAY MORNING CORPORATION, ET AL.,[1] | § § § | CASE NO.: 23-90001-ELM |
| | § | In Proceedings Under Chapter 7 |
| Debtors. | § § | (Jointly Administered) |

| | | |
|---|---|---|
| SHAWN K. BROWN, Chapter 7 Trustee, | § § § | |
| Plaintiff, | § § | |
| v. | § | ADVERSARY NO. _____ |
| FRED HAND, | § § § | |
| Defendant. | § § | |

## TRUSTEE'S ORIGINAL COMPLAINT

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Shawn K. Brown, Chapter 7 Trustee ("Trustee" or "Plaintiff") in the above-captioned jointly administered chapter 7 bankruptcy proceedings and Plaintiff herein, files this Trustee's Original Complaint (this "Complaint") against Fred Hand ("Hand" or "Defendant"), and in support thereof would respectfully show unto the Court as follows:

## I. PROCEDURAL HISTORY

1. On February 14, 2023 (the "Petition Date"), Tuesday Morning Corporation and its debtor affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "Chapter 11 Cases").

2. On April 24, 2023, the Debtors sold substantially all of their assets to Hilco Merchant Resources, LLC ("Hilco"). On April 28, 2023, the Court entered its order approving the sale to Hilco.

3. On August 1, 2023, the Court entered its order converting each of the Chapter 11 Cases to jointly administered individual cases under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases"). Shawn K. Brown was appointed as the trustee for the Chapter 7 Cases.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b) and the Standing Order of Reference in the Northern District of Texas.

5. This adversary proceeding constitutes a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), (H) and (O). The Court has Constitutional power to enter final orders or judgments in this proceeding. Further, Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgments consistent with Article III of the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

### III. PARTIES

7. Plaintiff is the duly qualified and acting chapter 7 Trustee for the bankruptcy estate of the above-named Debtors.

8. Hand is an individual and may be served with process pursuant to Federal Rule of Civil Procedure 4 and Federal Rule of Bankruptcy Procedure 7004 by serving Defendant at 3140 Harvard Ave, Unit 1408, Dallas, TX 75205 or wherever he may be found.

9. Hand was the Chief Executive Officer and a Director of the Debtors from May 4, 2021 through November 4, 2022. As such, Hand is an "insider" of the Debtors due to his position of management and control.

10. All conditions precedent to the commencement of this suit have occurred.[2]

### IV. FACTUAL ALLEGATIONS

11. On or about May 4, 2021, Hand and Tuesday Morning Corporation (the "Company") entered into an Employment Agreement pursuant to which the Company agreed to employ Hand as its Chief Executive Officer for a three-year period commencing on May 17, 2021.

12. Pursuant to the Employment Agreement, Hand was to be paid, among other things, an annual base salary of $1,000,000.00, a signing bonus of $1,000,000.00 to be paid within 30 days of the effective date of the Employment Agreement ("Signing Bonus"), and an annual bonus of at least $1,000,000.00 for the 2022 fiscal year provided that Hand remain continuously employed through the applicable payment date ("Annual Bonus").

---

[2] Trustee has conducted reasonable due diligence in the circumstances of the case and taken into account Defendant's known or reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code.

**Brown v. Hand**
**Trustee's Original Complaint – Page 3**

13. On November 4, 2022, Hand and the Company entered into a Transition Agreement pursuant to which Hand received, among other things, a cash payment of $2,257,948.32 ("Separation Pay").

14. Based on the foregoing, within two (2) years immediately preceding the Petition Date, the Debtors made one or more transfers to the Hand in the aggregate amount of not less than **$5,562,921.68,** hereinafter referred to individually as a "Transfer" and collectively as the "Two-Year Transfers".

15. The Transfers include, but are not limited to, the Signing Bonus, the Annual Bonus, and Separation Pay.

16. Within one (1) year of the Petition Date, the Debtors made transfers to Hand totaling not less than $4,562,921.68 (the "One Year Transfers").

## V. CAUSES OF ACTION

**A. Count One: Avoidance of One-Year Insider Preferences Pursuant to 11 U.S.C. § 547(b) and Applicable State Fraudulent Transfer Law (Tex. Bus. & Com. Code §§24.006(b) and 24.008)**

17. Plaintiff hereby reasserts the allegations in the preceding paragraphs as if fully set forth herein.

18. The One Year Transfers constitute preferential transfers avoidable pursuant to Section 547(b) of the Bankruptcy Code and Tex. Bus. & Com. Code §§ 24.006(b) and 24.008. In this respect, the One Year Transfers reflect a transfer of an interest in the Debtors' property which–

   a. Were made to and for the benefit of Defendant, who is an insider of the Debtors by virtue of his position of management and control;

   b. Were made for or on account of an antecedent debt owed by the Debtors to Defendant before such Transfers were made;

  c. Were made while the Debtors were insolvent;

  d. Were made within one (1) year before the Petition Date; and

  e. Enabled Defendant to receive more than he would have received if this case were a case under chapter 7 of this title, the Transfers had not been made and Defendant received payment of such debt to the extent provided by the provisions of Title 11.

19. Upon information and belief, the One Year Transfers were not in the ordinary course of business or financial affairs of the Debtors and Defendant or made according to ordinary business terms.

20. Accordingly, the Plaintiff seeks to avoid the One Year Transfers, and any other transfers made within one year before the Petition Date that the Trustee may learn of after the filing of this Complaint through discovery or otherwise, as preferential transfers pursuant to 11 U.S.C. § 547.

21. The Trustee respectfully requests the Court enter judgment in his favor on Count 1 of the Trustee's Complaint (i) declaring the One Year Transfers avoidable preferences pursuant to Bankruptcy Code Section 547 and Tex. Bus. & Com. Code § 24.006(b); (ii) avoiding the One Year Transfers; and (iii) granting the Trustee all other just and proper relief.

**B. Count Two: Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A), (a)(1)(B) and Applicable State Fraudulent Transfer Law (Tex. Bus. & Com. Code §§ 24.005(a)(2), 24.006(a), and 24.008**

22. Plaintiff hereby reasserts and incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

23. Within two (2) years of the Petition Date, the Defendant received the Two-Year Transfers totaling **$5,562,921.68**. Each of these Transfers are avoidable as a fraudulent transfer

under section 548(a)(1)(A) and/or (B) of the Bankruptcy Code, as well as Tex. Bus. & Com. Code §§ 24.005(a)(2) and 24.006(a).

24. The Two-Year Transfers were made with the actual intent to hinder, delay or defraud any entity to which the Debtors were or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

25. The Debtors received less than a reasonably equivalent value in exchange for the Two-Year Transfers; and

    (i) the Debtors were insolvent at the time of the Transfers or became insolvent as a result of the Transfers;

    (ii) were engaged in business or a transaction, or were about to engage in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital;

    (iii) intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured; or

    (iv) made such Transfers to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

26. Plaintiff is entitled to avoid the Two-Year Transfers, and any other transfers that the Trustee may learn of after the filing of this Complaint through discovery or otherwise, under 11 U.S.C. § 548(a)(1)(A) and/or (B), as well as Tex. Bus. & Com. Code §§ 24.005(a)(2) and 24.006(a).

27. Based upon the foregoing, the Trustee requests judgment in his favor on Count 2 of the Complaint (i) declaring that the Transfers are avoidable pursuant to Bankruptcy Code Section 548 and Tex. Bus. & Com. Code §§ 24.005(a)(2) and 24.006(a); (ii) avoiding the Two-Year Transfers; and (iii) granting the Trustee all other just and proper relief.

**C. Count Three: Recovery of Transfers Pursuant to 11 U.S.C. § 550 and Tex. Bus. & Com. Code § 24.008**

28. Plaintiff hereby reasserts and incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

29. The Defendant is the initial or the immediate or mediate transferee as to the Transfers. Consequently, to the extent that a Transfer is avoided, Plaintiff is entitled and seeks to recover from the Defendant the amount of the Transfer so avoided pursuant to section 550(a)(1) of the Bankruptcy Code and Tex. Bus. & Com. Code § 24.008(a)(1).

30. The Trustee requests judgment in his favor on Count 3 of the Complaint (i) declaring that the Trustee may recover the Transfers from Hand for the benefit of the Debtors' bankruptcy estates pursuant to Section 550(a) of the Bankruptcy Code and Tex. Bus. & Com. Code § 24.008(a)(1); (ii) ordering Hand to pay the Trustee the aggregate amount of the Transfers, plus all interest thereon to the date of payment; and (iii) granting the Trustee all other just and proper relief.

**D. Count Four: Objection to Defendant's Claim Pursuant to 11 U.S.C. § 502(d)**

31. Plaintiff hereby reasserts and incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

32. Pursuant to Section 502(d) of the Bankruptcy Code, any claim asserted by an entity from which property is recoverable under section 550, or that is the transferee of a transfer avoidable under sections 547 or 548, must be disallowed unless such entity or transferee has paid the amount, or turned over any such property, for which entity or transferee is liable under section 550.

33. To the extent that any Transfer is avoided pursuant to section 547 or 548, or to the extent that the Defendant is liable to Plaintiff pursuant to section 550, any claim by the Defendant, including Claim Nos. 1322, 1323, 1324, 1325, 1326, 1327, and 1328 must be disallowed in full until the Defendant has paid the amount, or turned over to the Plaintiff, the amount for which Defendant is liable under section 550.

### E. Count Five: Pre-judgment Interest

34. Plaintiff hereby reasserts and incorporates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

35. Plaintiff is also entitled to recover pre-judgment interest at the federal post-judgment rate from the date of each Transfer until the date of the judgment.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in his favor and against Hand as set forth in each count of this Complaint and grant the Trustee all other just and proper relief.

Dated this the 13th day of February 2025.

*/s/ Curt D. Hochbein*
Curt D. Hochbein
State Bar No. (IN) 29284-29
ROCHELLE MCCULLOUGH, LLP
One Indiana Square
211 North Pennsylvania St. 1330
Ste. 1330
Indianapolis, IN 46204
Telephone: (317) 608-1137
chochbein@romclaw.com

        Kevin D. McCullough
        State Bar No. 00788005
        Shannon S. Thomas
        State Bar No. 24088442
        ROCHELLE MCCULLOUGH, LLP
        901 Main Street, Suite 3200
        Dallas, Texas 75202
        Telephone: (214) 953-0182
        Facsimile: (888) 467-5979
        kdm@romclaw.com
        sthomas@romclaw.com

        COUNSEL FOR THE CHAPTER 7 TRUSTEE